IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA C. PIRTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-3406-CV-S-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Melissa C. Pirtle ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and her request for disability insurance benefits under Title II, 42 U.S.C.§ 401 *et seq.* Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful

activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## III. Analysis

Plaintiff argues that the ALJ erred in three distinct ways. First, that the ALJ failed to give controlling weight to opinion of Plaintiff's treating physician, Dr. Ball. Second, that the ALJ misunderstood the diagnosis and effects of Fibromyalgia on Plaintiff. Finally, that the ALJ did not properly evaluate Plaintiff's subjective complaints. The Court will consider each of these arguments separately below.

### *A. Dr. Ball's Opinion*

Plaintiff first argues that the ALJ erred because he did not give controlling weight to the testimony of Dr. Ball, Plaintiff's treating physician. In this case, it is undisputed that the ALJ

-3-

found the Plaintiff suffered from "severe impairments within the meaning of the Regulations" including degenerative joint disease of the left knee, Fibromyalgia, and back strain. (Tr. 19) In general, the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was consistent with Dr. Ball's assessment contained in a Medical Source Statement-Physical, except for an estimated rest requirement. With respect to this rest period, the ALJ found that Plaintiff would benefit from fifteen minute rest periods every three hours, whereas Dr. Ball estimated that Plaintiff required thirty minute breaks every three hours. The ALJ disputed this estimate in Dr. Ball's Medical Source Statement-Physical as being inconsistent with the assessment provided by Plaintiff's treating rheumatologist and unsupported by other evidence of record.

In support of this finding, the ALJ first noted that Plaintiff has received only sporadic treatment for her complaints of joint pain, muscle spasm, fibromyalgia and joint disease. The ALJ found that medical records during the time period in question in this case reflect greater emphasis on complaints of pelvic pain, excessive cramping and menstrual bleeding with "minimal references to musculoskeletal pain after 2001 suggesting stable symptoms."[2] (Tr. 20)

The ALJ also found Plaintiff's subjective complaints to be contradicted by a treating rheumatologist, Dr. Winkler. Dr. Winkler treated Plaintiff on three occasions and concluded that Plaintiff could work outside her home and should increase her activity. As a specialist, the ALJ afforded greater weight to Dr. Winkler's opinion, noting that Dr. Ball has "lesser medical expertise in treating inflammatory joint disease." *See Metz v. Shalala*, 49 F.3d 374, 378 (8th Cir. 1995) ("The Secretary is encouraged to 'give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a

---

[2] Plaintiff's alleged disability onset day is June 7, 2001 (Tr. 72).

specialist.'") (quoting 20 C.F.R. § 416.927(d)(5))

Finally, the ALJ also noted that Dr. Ball was apparently placing substantial weight on Plaintiff's subjective complaints in assessing Plaintiff's capacity. *See Polaski v. Heckler,* 739 F.2d 1320, 1321-22 (8th Cir. 1984) (subjective complaints may be discounted if there are inconsistencies in the record as a whole). For the reasons articulated in Subpart C, below, the ALJ properly discredited many of Plaintiff's subjective complaints, finding that they were not supported by other evidence in the record.

Again, it is worth noting that the ALJ's RFC determination was consistent with the assessments contained in Dr. Ball's Medical Source Statement-Physical, with the exception of the recommended rest period. To the extent that the ALJ discounted Dr. Ball's opinion on this point, the ALJ's decision was based on Dr. Winkler's specialized assessment; the lack of consistent treatment for Plaintiff's alleged disability; and Plaintiff's subjective complaints. Since these findings are supported by substantial evidence in the record as a whole, the ALJ properly discounted the opinion of Dr. Ball and Plaintiff is not entitled to relief on this point.

*B. Plaintiff's Fibromyalgia*

Plaintiff next contends that the ALJ failed to properly analyze the evidence in this case because he did not understand the diagnosis and effects of Fibromyalgia. Plaintiff contends this error resulted in unfair prejudice because the ALJ, failing to understand the totality of the symptoms of Fibromyalgia, improperly discounted the extent to which the disease affected Plaintiff. This failure is further evidenced, Plaintiff argues, by the ALJ improperly referring to the disease as "inflammatory joint disease."

Here, the ALJ's opinion clearly acknowledges Plaintiff's diagnosis of Fibromyalgia as a

-5-

"severe impairment" and makes no effort to refute that diagnosis. The ALJ merely discounted Plaintiff's subjective complaints of unrelenting musculoskeletal pain based on substantial evidence in the record. To the extent the ALJ may have confused inflammatory joint disease with Fibromyalgia, the Court does not find that this error warrants reversal. *See Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir. 1996) (finding that an ALJ's arguable deficiency in opinion-writing technique does not require us to set aside a finding that is supported by substantial evidence); *Benskin v. Bowen,* 830 F.2d 878, 883 (8th Cir. 1987) ("[a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding, were, as here, the deficiency had no practical effect on the outcome of the case.")

### C. Plaintiff's Subjective Complaints

Plaintiff last contends that the ALJ did not properly consider her subjective allegations under 20 C.F.R. § 404.1529 and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin*, 830 F.2d at 882. Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). When an ALJ assesses a claimant's subjective complaints relating to nonexertional impairments, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2004). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski,* 739 F.2d at 1322. Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical

evidence does not fully support them. *See id.* However, the adjudicator may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole.

Here, the ALJ found that with respect to Plaintiff's alleged subjective complaints, Plaintiff testified as to "constant unrelenting musculoskeletal pain in her back, neck, left knee, arms, shoulders and muscles throughout her body precipitated and aggravated with nearly any exertion." (Tr. 21) However, the ALJ noted that she was able to give clear and logical testimony at her hearing with no outward signs of pain. *See Johnson v. Apfel*, 240 F.3d 1145, 1147-48 (8th Cir. 2001) ("The ALJ's personal observations of the claimant's demeanor during the hearing is completely proper in making credibility determinations.") It was also noted that Plaintiff continues to drive a car and shop for groceries; cooks meals, washes dishes and cleans the house (albeit with some help from her children); attends church two or three times per week; and

continues to home school her children. The ALJ found these self-reported activities of daily living to be "inconsistent with . . . allegations of totally debilitating symptomatology" and noted that "although she and her husband stated she frequently rested and is constantly in pain, no treating or examining source has ever opined that . . . she is completely disabled and unable to engage in any and all work." *Id.; see also Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995) (finding that inconsistencies between subjective complaints and daily living patterns diminish credibility).

Upon review of the record, the Court finds that the ALJ properly discounted Plaintiff's subjective complaints in this case. The ALJ cited clear inconsistencies between Plaintiff's allegations of unrelenting pain and her testimony concerning her daily activities, and these inconsistencies are supported by substantial evidence. *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) ("We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain.")

### III. CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:   March 29, 2006              */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT